BRADLEY JAMES AUSTIN V. STATE OF TEXAS

NO. 07-00-0440-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2000

______________________________

BRADLEY JAMES AUSTIN,

Appellant

V.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 208
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 785429; HON. DENICE COLLINS, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Pending before this Court is a motion to be removed as attorney of record on appeal filed by attorney Charles H. Portz.  In his motion, Mr. Portz requests that he be relieved from any responsibility on this appeal because he has neither been retained by appellant nor appointed by the trial court.  Attached as exhibits to Mr. Portz’s motion are copies of 1) correspondence from the Harris County District Clerk to the judge of the trial court indicating that, as of September 11, 2000, no appeal attorney was shown of record, 2) appellant’s pro se notice of appeal which was filed in the district clerk’s office on August 9, 2000, and 3) a copy of an “appeal card” which, according to Mr. Portz, erroneously indicates that he is appellant’s attorney on appeal.  In his motion, Mr. Portz states that he was in fact appellant’s trial counsel.  Yet, the record does not indicate whether Portz was appointed or retained for purposes of trial, nor does it reveal whether he was appointed or retained for purposes of appeal. 

We, therefore, abate and remand this appeal to the 208th Judicial District Court of Harris County (district court) and order the district court to immediately notice and conduct a hearing to determine whether appellant is indigent, whether appellant desires to pursue his appeal, whether Portz was appointed as counsel on appeal, and, if Portz was not so appointed, whether appellant is entitled to appointed counsel on appeal.   

We further direct the district court to issue findings of fact and conclusions of law addressing the matters of appellant’s indigency and right to appointed counsel.  Should the district court find that appellant is indigent, desires to pursue the appeal, is entitled to  appointed counsel, and has no counsel, then we further direct the district court to appoint counsel to assist him in the prosecution of his appeal.  The name, address, telephone number, telefax number, and state bar number of the counsel who will represent appellant must also be included in the court’s findings of fact and conclusions of law.  Furthermore, the district court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders of the district court issued as a result of its hearing on this matter and 2) a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  The district court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before November 30, 2000.  Should additional time be needed to perform these tasks, the district court may request same on or before November 30, 2000.  

It is so ordered.

Per Curiam

Do not publish.